[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court pursuant to a previous decision of the Superior Court, Pittman, J., ordering the parties to appear for further proceedings to present evidence of whether there was a neglect or refusal to provide child support and, if so, the level of support that should have been provided. See Memorandum of Decision dated July 28, 1995.
The parties presented evidence to the court on September 20, 1995. The court finds the following facts.
The marriage of the plaintiff Mary Lou Flaherty, now Mary Lou Castiglione, and the defendant George Flaherty was dissolved on October 4, 1990. At the time, there were three minor children. The two minor children who are the subject of the dispute concerning child support are Timothy Flaherty, born November 23, 1977, and George Flaherty, born December 26, 1975.
The separation agreement of the parties, which was incorporated into the dissolution judgment, included an arrangement that authorized the plaintiff to keep the marital home and buy out the defendant's equity for the sum of $14,000 at the rate of $200.00 per week for a period of 70 weeks. The judgment also provided for unallocated alimony and child support payable from the defendant to the plaintiff at the rate of $200.00 per week for a period of 70 weeks, which offset the plaintiff's obligation to the defendant.
The agreement was ambiguous as to what was to happen at the end of the 70 weeks. Judge Pittman ruled that the defendant's obligation under the agreement to pay $200.00 per week ended at the expiration of the 70 week term. One or both of the parties CT Page 10136-A should have filed a motion with the court at the end of that period to determine the amount of future child support. Since neither party did so, the court treated the plaintiff's motion for contempt as a motion to recover support pursuant to Connecticut General Statutes § 46b-215.
The separation agreement was signed and entered as a judgment on October 4, 1990. The 70 week period during which the defendant's child support obligation would be offset by the plaintiff's obligation under the promissory note was to begin with the transfer by the defendant to the plaintiff of a quit claim deed of the marital home. No evidence was provided of the precise date of the execution of the quit claim deed. However, since the separation agreement required the defendant to execute and deliver the quit claim deed "forthwith", the court finds that the 70 week period began on or about October 25, 1990. The 70 week period therefore ended on March 1, 1992. The defendant has paid no child support to the plaintiff since the expiration of the 70 week period on March 1, 1992.
The court also finds that the parties' son George occasionally lived with his father from March 1, 1992 until he turned 18 on December 26, 1993. George also stayed for a significant period of time with his grandmother. However, George primarily resided with his mother during this period of time and even when he was not living with her he was supported financially by her.
Timothy lived with his mother from March 1, 1992 until October 8, 1993, when he moved in with his father. He remained with his father from October 8, 1993 until December 8, 1993 at which time he returned to his mother. On October 1, 1994, Timothy moved back to his father's house and he has been residing there ever since.
Both parties are responsible for providing the necessary support to their children under the age of 18 according to his or her ability to furnish such support. See Connecticut General Statutes § 46b-215. The defendant was responsible for providing support to his sons Timothy and George for the period of time that they were living with and being supported by the plaintiff. The defendant is liable for providing support to Timothy from March 1, 1992 until October 8, 1993 and for the period from December 8, 1993 through October 1, 1994. He is also responsible for providing child support to George from March 1, CT Page 10136-B 1992 until he turned 18 on December 26, 1993. The plaintiff on the other hand is responsible for providing child support to the defendant for the period of time that Timothy lived with him, a two month period in 1993 and from October 1, 1994 through the present.
The amount of the child support due is to be based upon each obligor's ability to pay during these time periods. See Connecticut General Statutes § 46b-215. Based on the financial affidavits submitted by the parties, their testimony and the information provided on the Connecticut Child Support and Arrearage Guidelines worksheet presented to the court at the hearing, the court finds the following with respect to the parties ability to pay.
For the years 1992, 1993 and 1994, the average net weekly income of the plaintiff was $635.00 per week and of the defendant $577.00 per week. For the year 1995, the net weekly income of the plaintiff is $472.00 and the defendant $603.00.
The Connecticut Child Support Guidelines govern the amount due for current child support and past due child support. See Connecticut General Statutes § 46b-215b. Pursuant to these guidelines, the defendant's child support obligation for his two minor children is $182.00 per week. The amount of child support due from the defendant for one child is $123.00 weekly.
The defendant owes child support to the plaintiff for two children for 83 weeks from March 1, 1992 through October 8, 1993, and for an additional two weeks, from December 8, 1993 through December 26, 1993. The defendant owes $182.00 per week for 85 weeks for a total of $15,470.
The defendant also owes child support for one child for 41 weeks, from December 26, 1993 when George turned 18 until October 1, 1994 when Timothy moved in with him. His child support obligation was $123.00 per week for the 41 weeks for a total of $5,043. His total unpaid child support obligation for this entire period of time is therefore $20,513.
The plaintiff owes child support to the defendant for the period commencing October 1, 1994, when Timothy moved in with his father. Her child support obligation pursuant to the child support guidelines is $100.00 per week. She owes child support for the period of time from October 1, 1994 until November 23, CT Page 10136-C 1995 when Timothy turns 18 years old. However, the plaintiff did not work for twelve weeks in 1995 due to a birth of a child. She had no ability to pay child support during these twelve weeks. Her total child support obligation is therefore 47 weeks at $100.00 a week for a total $4,700.
The plaintiff owes the defendant $20,513 in child support payments. The plaintiff owes the defendant $4,700 in child support payments. Therefore the court finds that $15,813 ($20,513 minus $4,700) is due from the defendant to the plaintiff.
Pursuant to the child support guidelines, the defendant is obligated to pay the plaintiff 50% of his imputed current child support obligation. His imputed current child support obligation is $128.00 per week. As a result, the defendant must pay the plaintiff $64.00 per week on the child support arrearage.
In summary, the court finds a child support arrearage owing from the defendant to the plaintiff in the amount of $15,813. The defendant is ordered to pay to the plaintiff $64.00 per week beginning November 30, 1995 as payment on the child support arrearage.
Jon M. Alander, Judge